# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2130

_____

Rebecca F. Leonard,                          *
                                             *
              Appellant,                      *
                                             *
       v.                                     *   Appeal from the United States District
                                             *   Court for the District of North Dakota.
Rolette County, a North Dakota               *
Political Subdivision; Carol                  *   [UNPUBLISHED]
Gannarelli; Mary Richard; Judith              *
Boppre,                                       *
                                             *
              Appellees.                      *


_____

Submitted: October 21, 1999

Filed: November 12, 1999
_____

Before WOLLMAN, ROSS and LOKEN, Circuit Judges
_____

PER CURIAM.

       Rebecca F. Leonard appeals from a judgment of the district court[1] granting summary judgment in favor of Rolette County and three county employees (the County) and dismissing pendent state law claims.  We affirm.

_____

       [1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Leonard is a real estate abstractor who claims to have an allergy to second-hand smoke. Leonard alleges that from 1994 until 1997 the County violated the public access provisions of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134, by failing to have a smoke-free courthouse. The district court granted the County's motion for summary judgment, holding that Leonard was not disabled within the meaning of the ADA. Under the ADA, as relevant here, a disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

The district court did not err. Contrary to Leonard's argument, there is insufficient evidence that her alleged impairment substantially limited her ability to breathe. As the court noted, it is undisputed that in the absence of second-hand smoke, Leonard is not restricted in any life activities. "Simply put, there is not enough evidence of off-the-job breathing problems to find a substantial limitation of that life activity." Muller v. Costello, 187 F.3d 298, 314 (2d Cir. 1999). In addition, viewed in the light most favorable to Leonard, the evidence fails to show exposure to second-hand smoke limited her access to the courthouse. From 1994 to 1997, Leonard went to the courthouse 2330 times. We also note Leonard admitted that county employees complied with her request in 1994 to stop smoking because of her pregnancy; she did not register a complaint about smoking again until August 1997, and in November 1997 the County adopted a no-smoking policy. See Buckles v. First Data Resources, Inc., 176 F.3d 1098, 1101 (8th Cir.1999) (ADA does not require irritant-free environment but only reasonable accommodation).

In the circumstances of this case, an extended discussion of the issues would serve no useful purpose. Accordingly, we affirm the district court's judgment. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.